UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANDRE DAVID LOTTER, A# 244906484,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **SA-25-CV-00568-JKP** |
| | § | |
| **TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; KRISTI NOEM, Secretary, Homeland Security; SOSTENES M. GUTIERREZ, Supervisor, Detention and Probation Officer, ICE, San Antonio; and WARDEN, South Texas ICE Processing Center,** | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Petitioner Andre David Lotter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and supplements and Respondents' "Advisory to the Court Regarding Petitioner's Release." (ECF Nos. 1, 15, 16, 38). After review, the Court orders Lotter's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1). To the extent Lotter raises civil rights claims under 42 U.S.C. § 1983, the Court orders such claims **DISMISSED WITHOUT PREJUDICE**. (*Id.*).

**BACKGROUND**

Lotter was born in South Africa. (ECF No. 1). However, according to his Petition, Lotter had been living in France and entered the United States at the Miami International Airport. (*Id.*). By his own admission, Lotter was immediately detained at the airport by officials from Customs and Boarder Patrol and transferred to a detention facility in Florida. (*Id.*). He was ultimately

transferred to the South Texas ICE Processing Center in Pearsall, Texas. (*Id.*). While detained, Lotter filed a § 2241 Petition contesting the legality of his continued detention and seeking release. (*Id.*). In addition to challenging his detention under § 2241, Lotter also appears to raise civil rights claims under 42 U.S.C. § 1983. (*Id.*). Ultimately, the Court ordered service on Respondents. (ECF No. 10). Respondents filed a response to the Petition and thereafter, an "Advisory to the Court Regarding Petitioner's Release." (ECF Nos. 20, 38). In the Advisory, Respondents state Lotter was removed from the United States on December 10, 2025, rendering his Petition moot. (ECF No. 38, Exh. A).

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

In his Petition, Lotter requests release from detention. (ECF No. 1). However, Lotter is no longer detained by immigration authorities and has been removed to another country. (ECF No. 38, Exh. A). Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Lotter's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

To the extent Lotter has asserted civil rights claims under § 1983, such claims are improper in a § 2241 action; such claims should be brought pursuant in an action pursuant to 42 U.S.C. § 1983. Thus, to the extent Lotter raises claims under § 1983, such claims are subject to dismissal without prejudice to the assertion of such claims in a separate § 1983 action.

### CONCLUSION

Lotter has been removed from the United States and is no longer in detention. The Court can no longer provide Lotter the requested relief of release from detention. Accordingly, the Court finds Lotter's § 2241 Petition is subject to dismissal without prejudice as moot. Additionally, to the extent Lotter has alleged claims pursuant to § 1983, such claim are not viable in this § 2241 action and are subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner Andre David Lotter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that to the extent Petitioner Andre David Lotter has asserted claims pursuant to 42 U.S.C. § 1983 in his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1), such claims are **DISMISSED WITHOUT PREJUDICE** subject to refiling in a separate 42 U.S.C. § 1983 action.

It is so **ORDERED**.

SIGNED this 7th day of January, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

4